UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUAN IGNACIO VASQUEZ,

Defendant.

Case No. 5:26-mj-00009-CDB

ORDER OF DETENTION PENDING REVOCATION HEARING

**Background**

Defendant Juan Ignacio Vasquez is charged by information in the Southern District of California with two counts of bringing in aliens without authorization and for financial gain in violation of 8 U.S.C. 1324(a)(2)(B)(ii) & (iii).  Case No. 3:25-cr-03404-RSH (S.D. Cal., Doc. 19).  On November 13, 2025, Defendant pleaded guilty to Count 1 of the information.  *Id*. (Doc. 28).  He is pending sentencing.

On December 17, 2025, an arrest warrant issued in the Southern District of California on a petition alleging that Defendant violated the condition of his pretrial release that he not use or possess a narcotic drug or other controlled substance without a lawful medical prescription.  Case No. 5:25-mj-00097-CDB (E.D. Cal., Doc. 1).  Defendant appeared in this Court on December 19, 2025, was advised of the charges and his rights, and was ordered released on the same pretrial release conditions imposed by the Southern District of California.  *Id*. (Doc. 2).  This Court

separately ordered Defendant to remain in contact with his counsel in the Southern District of California and to timely appear for all further hearings there. *Id*.

On December 22, 2025, the Southern District of California noticed a hearing in Defendant's revocation proceedings for January 6, 2026, and although Defendant's counsel appeared on that date, Defendant was absent. Case No. 3:25-cr-03404-RSH (S.D. Cal., Docs. 37, 38). Accordingly, the Southern District of California noticed a bond revocation hearing in Defendant's case for January 8, 2026, and ordered Defendant to appear in person. *Id*. (Doc. 38). On January 8, 2026, Defendant's counsel appeared at the hearing, but Defendant was absent. *Id*. (Doc. 40). The following day (January 9, 2026), an arrest warrant was issued in the Southern District of California for Defendant's failure to appear. *Id*.

On February 17, 2026, Defendant appeared through appointed counsel for an initial appearance in this Court, as the district of arrest, pursuant to Federal Rules of Criminal Procedure 5(c)(3) and 40. Defendant was advised of the issuance of the failure-to-appear arrest warrant and of his rights, including his right to remain silent and his right to an identify hearing in this district. Having been so advised, and after conferring with appointed counsel, Defendant knowingly and voluntarily waived any rights he had to an identity hearing.

Prior to the initial appearance, the Court and parties received reports from the Pretrial Services Office that summarized the procedural posture of the case. At the initial appearance, the government moved the Court to detain Defendant. The matter was argued and submitted.

**Governing Legal Standard**

Pursuant to Rule 40(c), a court may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing. Here, because the request by the government that Defendant be detained would require a change – revocation – of the conditions of release, the Court proceeded with a detention hearing under Rule 40(c). *See, e.g., United States v. Turner*, 2023 WL 2401581, at *2 (W.D.N.C. Mar. 8, 2023); *United States v. Garraway II*, 2022 WL 14752697, at *1 (S.D. Tex. Oct. 25, 2022). *Accord United States v. Martin*, 2022 WL 4370447, at *3 (N.D. Tex. Sept. 21, 2022) ("the magistrate judge in the district

of arrest should, pending the revocation hearing, either order detention or decide on conditions of release and should do so after a hearing on those matters.").

**Discussion**

When Defendant first appeared in this Court on December 19, 2025, following his arrest on the petition alleging violation of pretrial release conditions, and following a detention hearing, the Court found that the pretrial release conditions imposed by the Southern District of California reasonably would ensure Defendant's appearance at future court proceedings.  However, those conditions seemingly were not adequate given that, shortly afterwards Defendant twice failed to appear in the Southern District of California for further proceedings.

Although defense counsel argued at the detention hearing held today that Defendant was experiencing "life pressures" from holding two jobs and had made "good faith efforts" to appear in the Southern District of California, whatever those efforts were, they were not adequate.  In response to defense counsel's argument, government counsel represented that, although Defendant communicated his intent to appear for proceedings in the Southern District of California, when he failed to appear on January 6, 2026, the Court accommodated his absence by setting a further hearing two days later (January 8, 2026).  But Defendant failed to appear at that hearing, too.

The reports of the Pretrial Services Office reflect that Defendant suffers from persistent and substantial and unlawful abuse of controlled substances, and based on his statements to a supervising officer documented therein, he appears to have little regard for the consequences of continuing his illegal behavior and disobeying court orders.  An officer of the Pretrial Services Office represented during the detention hearing held today that Defendant tested positive for controlled substances immediately prior to or after the initial appearances in the Southern District of California at which Defendant failed to appear.

For all of these reasons and as discussed and preserved on the record, the undersigned concludes no condition or combination of conditions could reasonably assure Defendant's appearance for future court proceedings and that, pursuant to Rule 40(c), the previously entered release order should be modified.

**Conclusion and Order**

ACCORDINGLY, based on the totality of these considerations, Defendant is remanded to the custody of the United States Marshal pending his anticipated transportation to the Southern District of California for further proceedings pursuant to 18 U.S.C. § 3148(b).

IT IS SO ORDERED.

Dated:     **February 17, 2026**     _____

UNITED STATES MAGISTRATE JUDGE